**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JOSEPH SAMOST, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ESQUIRE STEPHEN SAMOST, et al.,<br><br>Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br>No. 99-3035 (KMW-SAK)<br><br>**MEMORANDUM OPINION AND ORDER** |

Appearances:

Peter Jay Boyer, Esquire
Hyland Levin, LLP
6000 Sagemore Drive
Suite 6301
Marlton, New Jersey 08053-3900
    Counsel for Defendant Stephen Samost

**WILLIAMS, District Judge:**

This matter comes before the Court on Defendant Stephen Samost's ("Samost") Motion seeking an order adjudging Joseph Samost to be in civil contempt and for other relief. *See* ECF No. 96; and

THE COURT NOTING that Samost seeks an order of contempt in connection with the settlement agreement entered into in this matter in 2000 before the Honorable Joseph E. Irenas and thereafter, amended several times over many years. Indeed, although there have been several orders from 2000 through 2007 amending and/or clarifying the terms of the settlement, this action has been closed since the July 25, 2000 Order dismissing it with prejudice (this Order was not provided nor is it accessible as it pre-dates electronic filing in this Court). *See* ECF No. 42. The last Order entered by Judge Irenas dismissed without prejudice a 2007 request by Samost to hold

Joseph Samost in contempt and granted Samost leave to renew the contempt motion when related state court proceedings were resolved. *See* ECF No. 95. Joseph Samost died on March 12, 2019. Declaration of Stephen Samost ("Samost Decl."). *See* ECF No. 96-2, ¶ 37. As a corollary, there is no opposition or objection filed to this Motion; and

THE COURT FINDING that Samost's Motion is denied. Federal Rule of Civil Procedure 25 provides that:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Here, Joseph Samost is deceased and, prior to filing this Motion, Samost failed to take any steps to seek the substitution of Joseph Samost for a proper party. Indeed, while Samost's Declaration acknowledges the existence of Joseph Samost's estate, Samost Decl. ¶ 39, the estate was not substituted as a party in this action.[1] Notably, the absence of a proper party is apparent as the Court has received no opposition or objection from any person on behalf of Joseph Samost.

## **ORDER**

IT IS this **24th** day of **April, 2023**, hereby

---

[1] At this juncture, the Court makes no findings as to whether this Motion is even proper. First, the Court notes that it is not apparent whether this Court retained jurisdiction to resolve this Motion. As stated above, the first Order dismissing this action with prejudice was not attached for this Court's review. Thus, as an initial matter, the Court cannot ascertain the applicability of *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Moreover, even assuming the initial Order dismissing this action properly retained jurisdiction, about fifteen years ago, Judge Irenas' 2007 Order dismissed a motion seeking contempt without prejudice with "leave to renew [the] contempt motion once the related issues in the state court litigation before Judge Bookbinder have been resolved." Unlike Judge Irenas' prior Orders in this action providing a discrete date for the Court's retention of jurisdiction over this matter, the 2007 Order did not provide any direct reference to jurisdiction and the retention of same. The New Jersey Supreme Court denied certification from the state trial court's Final Order on January 2017, meaning that the state trial court action resolved well before that point. Samost Decl. ¶ 24. Even considering the January 2017 date, Samost waited five years to file this Motion. There are no facts before this Court indicating that Judge Irenas intended to retain lifetime jurisdiction over this matter.

**ORDERED** that Defendant's Motion (ECF No. 96) seeking an order adjudging Joseph Samost to be in civil contempt and for other relief is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that, based on the denial of the Motion seeking contempt, the Motion to Intervene (ECF No. 100) is **DISMISSED WITHOUT PREJUDICE**.

_____
KAREN M. WILLIAMS
United States District Judge